IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES CRANGLE,

        Petitioner,

TARA ROSE ALLEN ROONEY-CRANGLE,

        Petitioner,

v.                                             CIVIL ACTION NO. 3:16cv122
                                               (GROH)

EASTERN REGIONAL JAIL,

        Respondent.

## REPORT AND RECOMMENDATION

**I. Introduction**

On August 19, 2016, Petitioner, James Crangle[1] [hereinafter referred to as "Petitioner"], an inmate in the Eastern Regional Jail, filed a letter addressed to the Honorable Gina Groh, Chief United States District Judge.[2] The Clerk of Court used the letter to open a Writ of Habeas Corpus pursuant to the provisions of 28 U.S.C. §2254. ECF No. 1. On that same date, Petitioner also filed a "pleading" addressed to the Honorable John Preston Bailey which was docketed as a Motion for Emergency Hearing. ECF No. 2. Because neither document was on a form petition, the Clerk of Court issued a Notice of Deficient Pleading on August 22, 2016, which instructed Petitioner that he must file his petition on the court-approved form which was enclosed for his use and must

---

[1] Although Petitioner refers to himself as James Crangle, his criminal docket sheet from the Berkeley County Magistrate Court indicates that his name is Kent J. Crangle.

[2] All of Petitioner's "pleadings" in this matter are purportedly filed on behalf of himself and his wife, Tara Rose Rooney-Crangle ("Tara Rose").

either pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* together with his Prisoner Trust Account Report and supporting ledger sheets. ECF No. 4. The Notice and attached forms were sent by certified mail, return receipt requested, and service was accepted on August 24, 2016. Because Petitioner did not comply with the Notice, an Order to Show Cause was entered on September 15, 2016, affording Petitioner fourteen (14) days in which to show cause why this matter should not be dismissed for failure to prosecute. ECF No. 7. On September 26, 2016, Petitioner filed an "Answer" in which he maintains that he did not receive the Notice of Deficient Pleading. ECF No. 10. In addition, Petitioner alleges that he does not have a trust account and has no money. While the undersigned could direct that the Notice and forms be resent to Petitioner[3], a close examination of the original pleading as well as the those that followed, clearly indicate that this Court can provide Petitioner no relief at this time.

## II. Factual Background

Petitioner is currently an inmate in the Eastern Regional Jail where he is a pretrial detainee. He is being held on charges of kidnapping in violation of W.Va. Code § 61-2-14; non-aggravated robbery in violation of W.Va. Code § 61-2-12; conspiracy to kidnapping in violation of W.Va. Code § 61-10-31; and fleeing in vehicle in violation of W.Va. Code § 61-5-17(e). Indictment, State of West Virginia v. Crangle, No. 14-F-61 (Berkeley Cty. Cir. Ct.). In the same indictment, which was handed down on February 20, 2014, Tara Rose was charged with kidnapping in violation of W.Va. Code § 61-2-14; non-aggravated robbery in violation of W.Va. Code § 61-2-12; conspiracy to kidnapping in violation of W.Va. Code § 61-10-31; and misdemeanor credit card fraud in violation of W.Va. Code § 61-3-24a(b)(1). Indictment, State v.

---

[3]Specifically, as a pre-trial detainee, Petitioner would be sent a § 2241 packet.

Allen, No. 14-F-64 (Berkeley Cty. Cir. Ct.). The docket sheets from the Circuit Court of Berkeley County confirm that Petitioner and Tara Rose's criminal proceedings are still pending.[4]

### III. Petitioner's Claims

Petitioner's documents are difficult to discern at best. They largely consist of repetitive recitations of legal authority with very little factual support. Throughout everything that he has filed, Petitioner refers to himself as disabled, handicapped, crippled and injured. He repeatedly refers to torture, abusive mistreatment, deprivations, and aggravated assaults. It appears that Petitioner makes these claims against the staff at the Eastern Regional Jail and perhaps one of his cell mates. In addition, Petitioner complains about the conditions of his confinement including no law books, no telephone access to counsel, no computers, no printer, no LexisNexis, no librarians, no case law archives, and no chancery materials. It also appears that Petitioner may be complaining about the abilities of his court-appointed counsel. In the three documents filed by Petitioner, the only clear requests for relief are that this Court: (1) "both reschedule case for continuance of 4 months and now posthaste," (2) "provide ESQS for disabled-handicapped marital couple;" and (3) "permit and direct quality stenographer, legal assistant or skilled clerk to typescript this document and prefiled hand manuscripts."[5] ECF No. 10 at 6-7.

### IV. **Analysis**

As a preliminary matter, the undersigned concludes that this petition is not cognizable under section 2254 and must instead be construed as a petition for section 2241 relief. A federal

---

[4] Tara Rose's criminal docket sheet suggests that she is presently being held for evaluation at the William R. Sharpe Hospital in Weston, West Virginia.

[5] In one "pleading," Petitioner specifies that "this handwritten document be transcripted by stenographer as is on Microsoft Word Perfect Font 12, save on disc and print 5 hard copies please." ECF No. 6 at 4.

habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). However a pretrial detainee is not "in custody" pursuant to a state court judgment so section 2254 relief is unavailable. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). Petitioners who are pretrial detainees must instead seek relief through section 2241. That section provides a remedy for any person held in violation of the Constitution, laws, or treaties of the United States "regardless of whether a final judgment has been rendered and regardless of the status of the case pending against him." Dickerson, 816 F.2d at 224; see 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004)(section 2241 applies to individuals who a state places in pretrial detention).

Because Petitioner is a pretrial detainee, he is not in custody pursuant to a state court judgment and section 2254 does not apply. Accordingly, the undersigned construes this petition under section 2241. However, Petitioner is not entitled to relief under section 2241 because he has failed to exhaust his claims in state court. Habeas petitioners are required to exhaust state court remedies before seeking federal review. Exhaustion is a statutory requirement in the case of section 2254, and a common-law requirement in the case of section 2241. Braden v. 30th Jud. Cir., 410 U.S. 484, 488-89 (1973).To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Here, the docket sheet from Berkeley County establishes that Petitioner has not filed a habeas petition with that court. Moreover, the Clerk of the West Virginia Supreme Court has no record that Petitioner has initiated any proceeding there be it a writ of mandamus, writ of prohibition, or writ of habeas corpus. Therefore, it is clear that Petitioner has not exhausted his state court remedies, and therefore, cannot proceed with a habeas petition before this Court. Furthermore, to the extent that Petitioner complains about the conditions of his confinement and/or excessive force during his incarceration, those are not claims that are properly reviewed in a habeas petition.[6]  See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973).

### V. Recommendation

Based on the foregoing, it is recommended that the this matter be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. It is further recommended that Petitioner's pending Motions [ECF Nos. 2, 6 & 9] be **DENIED AS MOOT**.

Any party may file, within fourteen (14) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgement of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

---

[6]Instead, Petitioner would be required to exhaust his administrative grievance with the Regional Jail authority and then filed a civil rights action pursuant to 42 U.S.C. §1983.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: October 18, 2016.

*/s/ Robert W Trumble*

**ROBERT W. TRUMBLE**
**UNITED STATES MAGISTRATE JUDGE**